1

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

3

DAISY MATOS-LEBRON, ET AL.,

4

    Plaintiff,

5

               v.

**Civil No. 14-1183 (SEC)**

6

MONICA RIVERA-PIRIS, ET AL.,

7

    Defendants.

8

**MEMORANDUM AND ORDER**

9

10

    This diversity action, brought under Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141, concerns a rear-end collision accident. Docket # 1. Codefendant Mónica Rivera-Piris moves to dismiss for want of subject-matter jurisdiction, Docket # 17, arguing that the plaintiffs fall short of meeting the amount-in-controversy requirement. See 28 U.S.C. § 1332(a). For the reasons laid out below, this unopposed request is summarily **GRANTED**, and this case is **DISMISSED** for lack of subject-matter jurisdiction.

11

12

13

14

15

    The Court need not tarry. The short of it is that where, as here, a party waives any objections to a motion to dismiss, Docket # 22, a district court may summarily grant an unopposed dispositive motion, "'at least when the result does not clearly offend equity,'" Rodríguez-Salgado v. Somoza-Colombani, 937 F. Supp. 2d 206, 210 (D.P.R. 2013) (quoting NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 (1st Cir.2002)), or "conflicts with the Federal Rules of Civil Procedure." Town of Houlton, 283 F.3d at 7; see D.P.R. Civ. R. 7(b) ("[u]nless within fourteen (14) days after the service of a motion the opposing party files a written objection to the motion, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection."). Neither impediment exists here. See Rivera-Quiñones v. US Sec. Associates, No. 12-1598, 2013 WL 5636898, at *4 (D.P.R. Oct. 16, 2013). Quite the contrary: Rivera-Piris having questioned the plaintiffs' assertion that the amount in controversy

16

17

18

19

20

21

22

23

24

25

26

**Civil No. 14-1183 (SEC)**                                                                                        **Page 2**

satisfied the statutory jurisdictional amount, the burden shifted onto the plaintiffs to show with

"'sufficient particularity' facts that in some way support the contention that there is more than

$75,000 at stake." Abdel-Aleem v. OPK Biotech LLC, 665 F.3d 38, 42 (1st Cir. 2012) (quoting

Dep't of Recreation & Sports of P.R. v. World Boxing Ass'n, 942 F.2d 84, 90 (1st Cir. 1991)).

But because the plaintiffs neglected to oppose Rivera-Piris's motion, it follows inexorably that

they cannot shoulder their burden of "proving" the existence of diversity jurisdiction. Johansen

v. United States, 506 F.3d 65, 68 (1st Cir. 2007); see also, e.g., CE Design Ltd. v. Am. Econ.

Ins. Co., 755 F.3d 39, 44 (1st Cir. 2014) (reiterating that "the party seeking to invoke

jurisdiction," . . . "has the burden of showing it has met the amount-in-controversy

requirement"). This action is accordingly dismissed, without prejudice to its being renewed in

local court, for want of subject-matter jurisdiction. See Fed. R. Civ. P. 12(b)(1).

　　　One loose end remains. Although Rivera-Piris crossclaimed against codefendant Padin

Ambulance, Docket # 16; see Fed. R. Civ. P. 13(g), her crossclaim, which has no independent

jurisdictional basis, need also be dismissed for want of subject-matter jurisdiction. Fairview

Park Excavating Co. v. Al Monzo Constr. Co., 560 F.2d 1122, 1125 (3d Cir. 1977); New

Orleans Public Belt R. Co. v. Wallace, 173 F.2d 145, 148 (5th Cir. 1949); see also 6 Fed. Prac.

& Proc. Civ. § 1433 & n. 14 (3d ed. Updated September 2014). Rivera-Piris's motion to

compel, Docket # 26, is therefore moot.

　　　**IT IS SO ORDERED**

　　In San Juan, Puerto Rico, this 10th day of December, 2014.

　　　　　　　　　　　　　　　　*s/ Salvador E. Casellas*
　　　　　　　　　　　　　　　　SALVADOR E. CASELLAS
　　　　　　　　　　　　　　　　U.S. Senior District Judge